# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO. ___

| | |
|---|---|
| VISION MOTOR CARS, INC. | ) |
| | ) |
|     Plaintiff, | ) |
|   v. | ) |
| | ) |
| VALOR MOTOR COMPANY, NOBLE AUTOMOTIVE GROUP, ROBERT SMITH III, AND GENE GABUS | ) ) ) |
| | **)** |
| | **)** |
|     Defendant. | **)** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN

### DEMAND FOR JURY TRIAL

Plaintiff VISION MOTOR CARS, INC. (hereinafter "Plaintiff"), by and through its undersigned attorneys, for its Complaint against VALOR MOTOR COMPANY (hereinafter "VMC"), NOBLE AUTOMOTIVE GROUP, INC. (hereinafter "NAG"), ROBERT SMITH III (hereinafter "SMITH") and GENE GABUS (hereinafter "GABUS"), alleges as follows:

## INTRODUCTION

1. This is an action for trademark infringement, false designation of origin, and cyberpiracy arising under the trademark and unfair competition laws of the United States, 15 U.S.C. §§ 1051 *et seq.* (also referred to as the "Lanham Act"), and for trademark infringement, unfair methods of competition and unfair or deceptive acts under the statutory and common laws of North Carolina. Plaintiff brings this action based on Defendants' unauthorized past, current and planned use of

1

the **VISION MOTOR COMPANY** mark for natural gas vehicles, including the wrongful use of the <www.visionmotorcompany.com> domain name, all of which is likely to cause confusion with Plaintiff's federally registered **VISION MOTOR CARS®** mark for electric vehicles.

## JURISDICTION AND VENUE

2. This is a civil action arising under the LANHAM ACT, 15 U.S.C. §§ 1051 *et seq.*, NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, N.C. GEN. STAT. § 75-1.1, and North Carolina common law. The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

3. Jurisdiction is proper in this district because Defendants caused tortuous injury in the district by acts or omissions outside the district, while regularly doing or soliciting business in the State of North Carolina, pursuant to N.C. GEN. STAT. § 1-75.4.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)-(c).

## PARTIES

5. Plaintiff is a corporation organized and existing under the laws of the State of Tennessee, and has a business address of 545 Hamberton Court, NW, Concord, North Carolina 28027.

6. Upon information and belief, Defendant VMC is a company based in South Carolina which is a wholly owned subsidiary of Noble Automotive Group, Inc., and which has a business address of 1000 2nd Avenue South, Suite 312, North Myrtle Beach, South Carolina 29582.

7. Upon information and belief, Defendant NAG is a corporation organized and existing under the laws of the State of Georgia, having a principal office address of 1000 2nd

Avenue South, Suite 312, North Myrtle Beach, South Carolina 29582.

8. Upon information and belief, Defendant Smith is Chief Executive Officer, Chief Financial Officer, and Secretary of Defendant NAG, with a principal place of business of 1000 2nd Avenue South, Suite 312, North Myrtle Beach, South Carolina 29582.

9. Upon information and belief, Defendant Gabus is an officer or manager with authority at NAG, with a principal place of business of 4545 Merle Hay Road, Des Moines, Iowa 50131.

**DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S MARK**

10. Plaintiff is and has been in the business of producing and selling electric vehicles under the trademark **VISION MOTOR CARS®.** Plaintiff is currently using and has used the **VISION MOTOR CARS®** mark continuously in interstate commerce since at least as early as December 2009 to identify its electric vehicles and to distinguish its vehicles from those made and sold by others.

11. On September 11, 2010, Plaintiff filed U.S. Trademark Application Serial No. 85-127,526 for registration of the **VISION MOTOR CARS®** mark for electric cars in International Class 12 (hereinafter "Plaintiff s Application"). On May 24, 2011, the U.S. Patent and Trademark Office issued to Plaintiff U.S. Trademark Registration No. 3,965,317 for the mark on the Principal Register (hereinafter "Plaintiff s Registration"). A copy of the certificate of registration for Plaintiff's Registration is attached hereto as **EXHIBIT 1** and incorporated herein. Plaintiff's Registration is valid and subsisting.

12. Plaintiff's **VISION MOTOR CARS®** trademark is inherently distinctive.

13. Plaintiff has marketed its vehicles bearing its **VISION MOTOR CARS®** mark throughout the geographic area encompassing the entire United States.

14. Plaintiff markets its vehicles through a website having the domain name <www.visionmotorcars.com>, which has been registered since at least since November, 2009, and which has been in continuous use by Plaintiff since at least early 2010.

15. Plaintiff enjoys substantial consumer recognition and valuable goodwill in its **VISION MOTOR CARS®** mark owing to Plaintiff's substantially exclusive and continuous use of the **VISION MOTOR CARS®** mark, together with the inherently distinctive nature of the mark. As such, the trade and public have come to identify the **VISION MOTOR CARS®** mark as an indication of the vehicles that originate from Plaintiff, and to recognize the mark as distinguishing Plaintiff's vehicles from its competitors' vehicles.

16. Upon information and belief, Defendants' are engaged in the business of producing and selling vehicles. Plaintiff and Defendants' are in direct competition.

17. Upon information and belief, Defendants' began using the **VISION MOTOR COMPANY** mark for vehicles by January 6, 2012, as evidenced by Name Reservation filed with the South Carolina Secretary of State. Such use was after Plaintiff began using its **VISION MOTOR CARS®** mark for vehicles, after the filing date of Plaintiff's Trademark Application, and after the issue date of Plaintiff's Trademark Registration.

18. Upon information and belief, Defendants' promoted and used the **VISION MOTOR COMPANY** mark to promote its vehicles on the Internet via its website located at <www.thenoblecar.com> ("Defendant's Website"), at least from January 2012 through October 2012.

19. Upon information and belief, Defendant Smith is Chief Executive Officer, Chief Financial Officer, and Secretary of Defendant NAG, and is listed on the VMC website as "Bob Smith."

20. Upon information and belief, Defendant Smith is a primary investor and is actively personally involved in the marketing of Defendants' vehicles and is actively personally involved in the accused infringing activities.

21. Upon information and belief, Defendant Smith knew or should have known of the existence of Plaintiff's federally registered trademark, and that the continued use by the Defendants was an infringement.

22. On July 23, 2012, August 1, 2012, and August 3, 2012, Plaintiff sent emails to Bob Smith, advising him of Plaintiff's exclusive rights in the **VISION MOTOR CARS®** mark for vehicles and Plaintiff's objection to Defendants' use of the **VISION MOTOR COMPANY** mark (the "infringing mark") for vehicles, and requesting that Defendants cease using the infringing mark. Neither Mr. Smith nor any other Defendant responded to either email.

23. On August 9, 2012, Plaintiff's counsel sent a letter to Bob Smith, advising him of Plaintiff's exclusive rights in the **VISION MOTOR CARS®** mark for vehicles and Plaintiff's objection to Defendants' use of the infringing mark for vehicles, and requesting that Defendants cease using the infringing mark. Neither Mr. Smith nor any other Defendant responded to such letter.

24. Following the emails and letter described above, Defendant continued to use the infringing mark.

25. Upon information and belief, as least since June, 2012, the domain name <http://www.visionmotorcompany.com> directs the user of the internet to the homepage of Valor Motor Company.

26. Defendant Smith is listed on the <www.networksolutions.com/whois/index> website as the administrative contact associated with the domain name

5

Case 1:13-cv-00317   Document 1   Filed 04/16/13   Page 5 of 15

<http://www.visionmotorcompany.com>.

27. Defendants' <www.visionmotorcompany.com> domain name is identical or confusingly similar to plaintiff's <www.visionmotorcars.com> domain name and plaintiff's Vision Motor Cars mark.

28. On information and belief, Defendants' have no rights or legitimate interest in the <www.visionmotorcompany.com> domain name.

29. On information and belief, Defendants registered the <www.visionmotorcompany.com> domain name at least two years after Plaintiff had established use of the Vision Motor Cars mark and the <www.visionmotorcars.com> domain name.

30. Defendants' domain name is substantially the same as Plaintiff's legal name.

31. Defendants' use of the <www.visionmotorcompany.com> domain name is intended to divert customers from Plaintiff's website to Defendants' website, for the commercial gain of Defendants, by creating a likelihood of confusion as to the source, sponsorship, or affiliation, or endorsement of the website.

32. Upon information and belief, Defendant Smith personally participates in the management of Defendants VMC and NAG, and in the marketing of vehicles, including via the website <www.visionmotorcompany.com>.

33. Upon information and belief, Defendant Smith is a primary investor in NAG and VMC.

34. Upon information and belief, Defendant Smith has the right to control Defendants NAG and VMC.

35. Upon information and belief, Defendant NAG has the right to control Defendant VMC.

36. Upon information and belief, Defendant VMC has a duty to act primarily for the benefit of Defendant NAG.

37. Upon information and belief, Defendant VMC has the power to conduct legal transactions on behalf of Defendant NAG.

38. Upon information and belief, Defendant Smith has the power to conduct legal transactions on behalf of Defendants NAG and VMC.

39. Upon information and belief, Defendant Gabus knew or should have known of the existence of Plaintiff's federally registered trademark, and that the continued use by the Defendants was an infringement.

40. Upon information and belief, Defendant Gabus is a primary investor in NAG and VMC, and would profit from the infringement of Plaintiff's marks.

41. Upon information and belief, Defendant Gabus had the right and ability to supervise NAG and VMC, and failed to exercise his right to stop or limit the infringement.

42. Upon information and belief, Defendant Gabus is personally involved in the marketing of Defendants' vehicles, and personally involved in the accused infringing activity.

43. All of the Defendants are jointly and severally liable for the infringement and unfair competition alleged herein, as a matter of direct, contributory, and/or vicarious liability.

44. Plaintiff has not consented to Defendants' use of the **VISION MOTOR CARS®** mark, the **VISION MOTOR COMPANY** mark or any other similar mark, nor has Plaintiff sponsored, endorsed or approved the goods offered or promoted by Defendant.

45. Defendants' unauthorized use of the infringing mark is likely to cause confusion, to cause mistake, and to deceive an appreciable number of reasonably prudent customers and prospective customers into falsely believing that Defendants' goods are provided, sponsored or

approved by Plaintiff or that there is a connection or affiliation between Plaintiff and Defendants.

46. Upon information and belief, Defendants intentionally, willfully and deliberately adopted marks substantially identical and confusingly similar to Plaintiff's **VISION MOTOR CARS®** mark to mislead and confuse consumers into believing that Defendant's goods are provided, sponsored or approved by Plaintiff.

47. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has been and will be irreparably injured.

48. Defendants' conduct is continuing and will continue, constituting an ongoing threat to Plaintiff and the public. Unless Defendants are restrained and enjoined from engaging in the wrongful conduct described herein, Plaintiff will suffer irreparable injury. It would be difficult to ascertain the amount of compensation that could afford Plaintiff adequate relief for the acts of Defendant, present and threatened, and Plaintiff's remedy at law is not adequate in and of itself to compensate it for said harm and damage.

## FIRST CLAIM FOR RELIEF: INFRINGEMENT OF REGISTERED TRADEMARK UNDER FEDERAL LAW (15 U.S.C. § 1125)

49. Plaintiff incorporates by reference the allegations in paragraphs 1 through 48 above, as if set forth in full herein.

50. With notice of Plaintiff's **VISION MOTOR CARS®** mark as of the issue date of Plaintiff's Registration, Defendants, without Plaintiff's authorization or consent, have offered for sale, sold, advertised, promoted and distributed its vehicles under the **VISION MOTOR COMPANY** mark.

51. Defendant's actions have caused, and are likely to continue to cause, confusion, mistake and deception by or among consumers who have been, and will continue to be, led to

believe that Defendants' goods are somehow provided, sponsored, or approved by Plaintiff.

52. Defendants' use of the infringing mark, a mark that is confusingly similar to Plaintiff's **VISION MOTOR CARS®** mark, in a similar manner and in connection with highly similar goods, constitutes trademark infringement in violation of the LANHAM ACT.

53. As a direct and proximate result of Defendants' activities as alleged above, Plaintiff has suffered damage. Unless Defendants are restrained by the Court, they will continue and/or expand their unlawful activities alleged above, by infringing Plaintiff's registered **VISION MOTOR CARS®** mark and otherwise continue to cause irreparable damage and injury to Plaintiff through, *inter alia,* (a) causing a likelihood of confusion, mistake and/or deception among the relevant consuming public and trade as to the source of Defendants' goods; (b) causing disruption and damage to Plaintiff s sales of its goods under its **VISION MOTOR CARS®** mark, and (c) causing incalculable damage to Plaintiff's business reputation and goodwill. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of its mark, reputation, and goodwill through the false and unauthorized use of the infringing mark.

54. Because Defendants' actions have been committed willfully and with intent to profit from Plaintiff's goodwill in the **VISION MOTOR CARS®** mark, this is an exceptional case and Plaintiff is entitled to recover Defendants' profits together with Plaintiff's damages, trebled, costs of the action, and reasonable attorney fees pursuant to the LANHAM ACT, 15 U.S.C. § 1117(a).

### SECOND CLAIM FOR RELIEF: INFRINGEMENT AND FALSE DESIGNATION OF, ORIGIN UNDER FEDERAL LAW
### (15 U.S.C. § 1125)

55. Plaintiff incorporates by reference the allegations in paragraphs 1 through 54

above, as if set forth in full herein.

56. Defendants' use in commerce of the **VISION MOTOR COMPANY** mark, which is confusingly similar to Plaintiff's **VISION MOTOR CARS®** mark, in a similar manner and in connection with highly similar goods, constitutes a false designation of origin within the meaning of the LANHAM ACT, 15 U.S.C. § 1125(a). Defendants' conduct is likely to cause confusion, mistake or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' goods to the detriment of Plaintiff and in violation of the LANHAM ACT, 15 U.S.C. § 1125(a).

57. Plaintiff believes that it is likely to be damaged by Defendants' activities as alleged above. Unless Defendants are restrained by the Court, it will continue and/or expand its unlawful activities alleged above, by infringing Plaintiff's **VISION MOTOR CARS®** mark and otherwise continue to cause irreparable damage and injury to Plaintiff through, *inter alia,* (a) causing a likelihood of confusion, mistake and/or deception among the relevant consuming public and trade as to the source of Defendants' goods; (b) causing disruption and damage to Plaintiff's sales of its goods under its **VISION MOTOR CARS®** mark; and (c) causing incalculable damage to Plaintiff's business reputation and goodwill. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of its mark, reputation, and goodwill through the false and unauthorized use of its trademark. Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendants from using the **VISION MOTOR COMPANY** mark or any other logotype, trademark or designation which is likely to be confused with the **VISION MOTOR CARS®** mark.

58. Because Defendant's actions have been committed willfully and with intent to profit from Plaintiff's goodwill in the **VISION MOTOR CARS®** mark, this is an exceptional

case and Plaintiff is entitled to recover Defendant's profits together with Plaintiff s damages, trebled, costs of the action, and reasonable attorney fees pursuant to the LANHAM ACT, 15 U.S.C. § 1117(a).

**THIRD CLAIM FOR RELIEF:
UNFAIR METHODS OF COMPETITION UNDER NORTH CAROLINA LAW
(NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT,
N.C. GEN. STAT. §§ 75-1.1 et seq.)**

59. Plaintiff incorporates by reference the allegations in paragraphs 1 through 58 above, as if set forth in full herein.

60. Defendants' activities described above constitute unfair methods of competition and unfair business practices in violation of the NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, N.C. GEN. STAT. § 75-1.1, which prohibits unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce.

61. Defendants' business practices alleged above are unfair or deceptive acts or practices in or affecting commerce which proximately caused or will cause actual injury to Plaintiff, or are otherwise unscrupulous, or substantially injurious to consumers.

62. Upon information and belief, Defendants' have willfully engaged in the act or practice, and there was an unwarranted refusal by Defendants to fully resolve the matter which constitutes the basis of this civil action.

63. Pursuant to NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, N.C. GEN. STAT. §§ 75-1.1 *et seq.,* Plaintiff is entitled to enjoin these practices and to recover its damages, trebled, or punitive damages. Plaintiff is also entitled to recover its reasonable attorney fees and costs of suit.

64. Without injunctive relief, Plaintiff has no means by which to control Defendants' unfair and deceptive use of the **VISION MOTOR COMPANY** mark. Plaintiff is therefore entitled to injunctive relief prohibiting Defendant from continuing such acts of unfair competition.

## FOURTH CLAIM FOR RELIEF: UNFAIR COMPETITION UNDER NORTH CAROLINA COMMON LAW

65. Plaintiff incorporates by reference the allegations in paragraphs 1 through 64 above, as if set forth in full herein.

66. Defendants' activities described above constitute unfair and deceptive business practices under North Carolina common law.

## FIFTH CLAIM FOR RELIEF: CYBERSQUATTING UNDER THE ANTI-CYBERSQUATTING AND CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)

67. Plaintiff incorporates by reference the allegations in paragraphs 1 through 66 above, as if set forth in full herein.

68. Defendants' use of a confusingly similar domain name constitutes false designation of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, and is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendants to Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods by the Plaintiff.

## PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff prays that the Court grant it the following relief:

1. That Plaintiff's registered **VISION MOTOR CARS®** mark be adjudged to have been infringed as a direct and proximate result of Defendants' acts set forth in the Complaint, in

violation of Plaintiff's rights under the LANHAM ACT, 15 U.S.C. § 1114,

2. That Defendants be adjudged to have competed unfairly with Plaintiff in violation of Plaintiff's rights at common law and in violation of Plaintiff's rights under 15 U.S.C. § 1125(a);

3. That Defendants be adjudged in violation of 15 U.S.C. § 1125(d).

4. That Defendants be adjudged to have violated North Carolina law regarding unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce;

5. That Defendants and their agents, employees, successors, assigns, affiliates, joint venturers, and any person(s) in active concert in participation with it, and/or any person(s) acting for, with, by or through it, be enjoined during the pendency of the action, and permanently thereafter, from using or authorizing any third party to use the **VISION MOTOR COMPANY** mark, or any other logotype, trademark or designation which is likely to be confused with Plaintiff's **VISION MOTOR CARS®** mark;

6. That Defendants and their agents, employees, successors, assigns, affiliates, joint venturers, and any person(s) in active concert in participation with it, and/or any person(s) acting for, with, by or through it, be ordered to recall and destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements bearing the **VISION MOTOR COMPANY** mark or any other word, term, name, symbol, device, combination thereof, designation or representation that is likely to be confused with Plaintiff's **VISION MOTOR CARS®** mark, and all plates, molds, matrices and other means of making the same.

7. That Defendants be ordered to account to Plaintiff for, and to pay to Plaintiff, all of Defendants' profits and all amounts by which Defendants have been unjustly enriched from its

13

Case 1:13-cv-00317   Document 1   Filed 04/16/13   Page 13 of 15

acts and practices complained of herein, increased on grounds that this is an exceptional case and according to the circumstances of the case under the LANHAM ACT, 15 U.S.C. § 1117(a);

8. That Defendants be ordered to pay Plaintiff its actual damages and lost profits sustained by Plaintiff as a result of Defendants' wrongful acts in an amount to be determined at trial, trebled under N.C. GEN. STAT. § 75-16 or on grounds that this is an exceptional case under the LANHAM ACT, 15 U. S.C. § 1117(a);

9. That Defendants be ordered to pay Plaintiff's costs of the action under the LANHAM ACT, 15 U.S.C. § 1117(a) or N.C. GEN. STAT. § 75-16.1.

10. That Defendants be ordered to pay Plaintiff's reasonable attorney fees under N.C. GEN. STAT. § 75-16.1, or on the grounds that this is an exceptional case under the LANHAM ACT, 15 U.S.C. § 1117(a);

11. That Defendants be ordered to pay Plaintiff prejudgment and post judgment interest on any monetary award;

12. That Defendants be ordered to pay Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

13. That Defendants be adjudged to be without right or authority to threaten, complain of, challenge, maintain suit, or interfere in any manner with Plaintiff's lawful use and right to claim ownership of the **VISION MOTOR CARS®** mark or any registration therefor;

14. That Defendant be ordered to transfer ownership of the <www.visionmotorcompany.com> domain name to Plaintiff; and

15. Such further relief as the Court may deem just and proper.

Respectfully submitted this the 16th day of April, 2013

/s/John D. Dellinger
John D. Dellinger, N.C. State Bar No. 42391
Email: jdellinger@mainspringlaw.com

Mainspring Law, PLLC
295 Howard Lingerfelt Road
Vale, NC 28168
Telephone: 703/362-0828

**ATTORNEY FOR PLAINTIFF**